

FILED
JUN 27 2011
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

MICHAEL TODD HANCOCK, #137858/1130006
    Petitioner,

v.                                        ACTION NO. 2:10cv600

HAROLD W. CLARKE,
    Director of the Virginia
    Department of Corrections

    Respondent.

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to Petitioner's convictions of three counts of capital murder, two counts of use of a firearm, and two counts of robbery on April 4, 2007 in the Circuit Court of Nottoway County. As a result, Petitioner was sentenced to serve five life terms plus eight years in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Report and Recommendation, filed April 8, 2011, recommends dismissal of the petition. Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On April 25, 2011, the Court received Petitioner's Objections to the Report and Recommendation. ECF No. 15. Petitioner primarily objects to the Court's failure to review

his first claim, as it is jurisdictional, and the Court's recommendation that equitable tolling not be applied.

Petitioner claims that this Court must reach the merits of his first claim challenging the jurisdiction of the Circuit Court to accept his guilty plea after the guilt phase of his trial, but before the sentencing phase of his trial. However, before this Court could reach the merits of Petitioner's allegations, the "strict requirements of a statute of limitations" must be excused under the principles of equitable tolling. Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). For the reasons stated in the Report and Recommendation of the United States Magistrate Judge, we decline to apply equitable tolling to excuse the untimeliness of Hancock's petition.

Further, should this Court decide to review Petitioner's first claim, it could not, as Petitioner's claim is a non-cognizable state claim. A federal court may grant habeas relief "only on the ground that [Petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Petitioner's claims attack the ability of the state circuit court to accept his guilty plea after the guilt phase of the trial, which rests upon an interpretation of Virginia state laws, and procedures, and is therefore, "simply not cognizable on federal habeas review." Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) (citing Smith v. Moore, 137 F.3d 808, 822 (4th Cir. 1998) (reviewing a factually similar allegation)). The Circuit Court reviewed Petitioner's claims and determined that they lacked merit. Hancock v. Watson, Case No. CL08-027, Cir. Ct. of Nottoway Co. Should an independent review of Petitioner's claims lead this Court to conclude that the state court's holding was incorrect, the Court is bound by the decision as the final decision of state law by the highest court of Virginia.[1] See Wright, 151 F.3d at 158.

---

[1] The Supreme Court reviewed Petitioner's state habeas petition and the Circuit Court of Nottoway County's order dismissing the petition. The supreme court found no reversible error.

Petitioner's remaining objections are adequately addressed by the Report and Recommendation of the United States Magistrate Judge.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made <u>de</u> <u>novo</u> findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed April 8, 2011. It is, therefore, ORDERED that the petition be DENIED and DISMISSED. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. <u>See</u> <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to this Final Order by filing a <u>written</u> notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

/s/ Robert G. Doumar
Senior United States District Judge

UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
June 27, 2011